UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KADYA DONADELLE,

                              Plaintiff,

v.                                          Civil Action No:

PALISADES COLLECTIONS, LLC. and
KIRSCHENBAUM & PHILLIPS , P.C.,

                              Defendants.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), and 28 U.S.C. § 133.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Kadya Donadelle is a natural person residing in the County of Monroe and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Palisades Collections, LLC. (hereinafter "Palisades") is a foreign limited liability company organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant Kirschenbaum, Phillips & Levy, P.C. (hereinafter "Kirschenbaum") is a domestic professional corporation organized and existing under the laws of the State New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. The acts of the Defendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. Defendant regularly attempts to collect debts alleged to be due another.

9. All references to either defendant herein shall mean said defendant or an employee of said defendant.

10. That at all relevant time herein, Kirschenbaum acted as agent-in-fact for Palisades, and acted within the scope of their agency.

## IV. FACTUAL ALLEGATIONS

11. That Plaintiff allegedly incurred a debt to Sears This debt will be referred to as the "subject debt."

12. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

13. Plaintiff allegedly defaulted on the subject debt.

14. That the subject debt was allegedly assigned to Centurion Capital Corporation after Plaintiff's alleged default.

15. That on or about August 4, 2006, Centurion Capital Corporation (hereinafter "Centurion") filed a lawsuit in Monroe County Supreme Court against the Plaintiff for the alleged subject debt.

16. That Plaintiff was never aware of this lawsuit because she was not served at the correct address.

17. That on or about February 14, 2007, the above referenced action was reduced to a judgment against the Plaintiff.

18. That sometime subsequent to February 14, 2017 Defendant Palisades allegedly acquired the judgment and then hired Defendant Kirschenbaum to collect on the subject debt.

19. That on or about August 28, 2018, Defendant Kirschenbaum served an income execution regarding the judgment taken against Plaintiff by Centurion on Plaintiff. This Income execution bore the original judgment caption (i.e. Centurion v. Kadya Donadelle) but referenced Defendant Palisades as the judgment creditor.

20. That Defendant Kirschenbaum served this income execution with the intent that it would be served on Plaintiff's employer, if not satisfied in fully within 20 days.

21. That on or about December 1, 2018 the aforementioned income execution was received by Plaintiff's employer, along with instructions as to how the income execution would proceed.

22. That upon information and belief, there is not an assignment of judgment filed with either the Monroe County Clerk's Office or Rochester City Court assigning the judgment from Centurion Capital Corporation to Palisades Collections, LLC.

23. That at no point was any notice from Centrion Capital Corporation sent to Plaintiff notifying her of the alleged assignment of his judgment from Centrion Capital Corporation to Palisades Collections, LLC.

24. That the afore-mentioned income execution sent to Plaintiff's employer was improper as Defendant Palisades is not the judgment creditor for the matter filed by Centurion Capital Corporation in Monroe County Supreme Court against the Plaintiff.

25. Plaintiff first learned about the Centurion lawsuit against her when her employer received the afore-mentioned income execution dated August 28, 2018, stating that her wages were going to be garnished to collect on the Centurion judgment.

26. On or about January 28, 2019, Plaintiff filed an order to show cause to vacate the default judgment with Rochester City Court.

27. The order to show cause specifically called for the immediate ceasing of all collection activity on part of Defendants and their attorneys pending the outcome of the hearing of the order to show cause.

28. Plaintiff then retained the Law Offices of Kenneth Hiller PLLC to attempt to vacate the Centurion judgment.

29. On or about March 19, 2019, Plaintiff's counsel served Defendants with a copy of the order to show cause.

30. Pursuant to Plaintiff's order to show cause, the Rochester City Court scheduled a hearing to address the matter on March 25, 2019. At this hearing, Defendant appeared despite not filing any opposition to Plaintiff's submission and requested more time to respond to Plaintiff's order to show cause to vacate.

31. On or about April 8, 2018, respective counsel appeared for a second time in Rochester City Court and Defendants stated that they were not submitting any opposition to Plaintiff's order to show cause to vacate the default judgment.

32. On April 18, 2019, Honorable Judge Charles F. Crimi, Jr. issued an order vacating the Centurion default judgment and dismissing the complaint with prejudice.

33. Thereafter, on or about May 28, 2019, Defendants were sent a letter from Plaintiff's counsel enclosing the Rochester City Court Order vacating the default Centurion judgment and instructing Defendants to cease all garnishment activity and to promptly return all the monies previously garnished.

34. On or about June 3, 2019 Defendants sent a check in the amount of $435.38 to Plaintiff's counsel. This amount did not accurately reflect the total amount previously garnished from the Plaintiff.

35. Despite the April 18, 2019 Rochester City Court Order, Defendants have not remitted the remaining balance owed to the Plaintiff and as such have collected an amount from the Plaintiff that is not legally owed to them.

36. Presently, Defendants have continued to garnish the Plaintiff's wages despite the default judgment being vacated.

37. That as a result of Defendants' acts, Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

38. That, as a result of Defendant's acts Plaintiff suffered actual monetary damages as a result of the improper income execution.

## V. CAUSE OF ACTION

39. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 36 above.

40. Defendants violated 15 U.S.C. §1692e, 15 U.S.C. §1692e, 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5),  15 U.S.C. §1692f and 15 U.S.C. §1692f(6)  by initiating and continuing to enforce income execution proceedings, without any legal right to do so because:

    a. Centurion never provided Plaintiff notice of the purported assignments establishing Palisade's chain of title regarding the judgment taken against Plaintiff by Centurion. Without such notice, Defendants had no right to initiate and enforce post judgment remedies against Plaintiff.

    b. Defendants did not possess sufficient documentation to demonstrate that they had standing to enforce the judgment taken against Plaintiff by Centurion.

41. The Defendants also violated 15 U.S.C. §1692f by failing to promptly refund all of the monies garnished from Plaintiff's wages after receiving notice of the April 18, 2019 decision and order of the Rochester City Court vacating the Centurion judgment.

4

42. The Defendants also violated 15 U.S.C. §1692e, e2, e5,e 10, f, f1 by continuing to garnish the plaintiff for the alleged subject debt despite an existing order staying post judgment enforcement and/or the default judgment being vacated and therefore having no legal basis for this post judgement remedy.

43. 15 U.S.C. §1692d, 15 U.S.C. §1692e, and  15 U.S.C. §1692f by appearing in Rochester City Court in opposition to Plaintiff's order to show cause to vacate when said opposition lacked any merit and by failing to withdraw their opposition and/or consent to Plaintiff's order to show cause to vacate the default judgment prior to Plaintiff having to appear a second time in Rochester City Court to obtain the relief she was entitled to.

44. That Defendant Palisades is vicariously liable for the tortious acts of Defendant Kirschenbaum described herein pursuant to the laws of agency and otherwise.

45. That as a result of the Defendants FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against each Defendant for:

(a)  Actual damages;

(b)  Statutory damages pursuant to 15 U.S.C. §1692k.

(c)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e)  For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: June 25, 2019

 /s/ Seth Andrews_____  
Seth Andrews, Esq.  
Kenneth R. Hiller, Esq.  
Law Offices of Kenneth Hiller, PLLC  
*Attorneys for the Plaintiff*  
6000 North Bailey Ave., Suite 1A  
Amherst, NY 14226  
(716) 564-3288  
Email:  sandrews@kennethhiller.com  
khiller@kennethhiller.com